**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion to bifurcate and stay is denied.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.

### STATEMENT - OPINION

Defendant, Shelter Mutual Insurance Co., moves, pursuant to Fed. R. Civ. P. 42(b), to bifurcate and stay action on the claim under 215 ILCS 5/155(1) (Section 155") which plaintiff, John F. Dunker, individually and as trustee of the JSMD Number Three 3 Trust, advances in Count II of his complaint. Defendant seeks to stay action on this claim until a determination is reached by a jury on the breach of contract claim advanced in Count I. These are the only to counts in the complaint.[1]

Fed. R. Civ. P. 42 (b) provides that separate trials may be ordered on separate claims for "convenience, to avoid prejudice, or to expedite and economize." Defendant argues in its brief that bifurcation "would serve judicial economy and would avoid inconvenience." It does not argue bifurcation is required to avoid prejudice. Whether to bifurcate claims for trial lies within the sound discretion of the court. See Krocka v. City of Chicago, 203 F.3d 507, 516 (7th Cir. 2000).

Section 155 provides a court may award reasonable attorney fees, other costs, and certain other amounts against a defendant "[i]n any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court such action or delay is vexatious or unreasonable." The parties agree a recovery for plaintiff on this claim is contingent on plaintiff prevailing on his Count I breach of contract claim. They also agree that the court not the jury decides whether an award is made under Section 155 and the amount of any such award.

Defendant argues bifurcation and a stay are warranted because the Section 155 claim does not lie unless plaintiff prevails on the breach of contract claim and because the jury has no role in deciding the issue. Defendant maintains this claim depends on separate and distinct evidence so it makes sense to delay action on this matter until after the breach of contract claim is decided.

The court disagrees. Bifurcation and a stay are not warranted in this case. It is much more efficient for the court to resolve all of the issues in one trial. Bifurcation and a stay would result in a second discovery phase and the inevitable consumption of large chunks of time in managing that process. A judgment on less than all of the claims would delay enforcement or appeal. See Fed. R. Civ. P. 54. This would prejudice plaintiff if he prevailed on his Count I claim. Requiring plaintiff, and likely at least some of the witnesses, to attend a second trial and to be subject to the burdens of further discovery would be highly inconvenient. Convenience and economy counsel against granting defendant's motion.

For the foregoing reasons, defendant's motion to bifurcate and stay is denied.

---

1. Plaintiff filed its response and defendant filed its reply well beyond the deadlines set by Magistrate Judge Mahoney [60] for these filings.